MURDOCK, Justice
(concurring in part and dissenting in part).
The main opinion acknowledges that the May 2009 “Declaration to Cancel Lien” executed by Premier Electric Service Company, Inc. (“Premier”), expressly states that the underlying debt for which the lien was recorded “is still outstanding” and that Premier “reserves all its other rights and remedies it may have against” Southeast Construction, L.L.C. (“SEC”), “in order to collect its debt.” This language is not materially different in its import than that which is found lacking by the main opinion in a “pro tanto release” executed by Heritage Masonry, Inc. (“Heritage Masonry”), in which Heritage Masonry released all of its claims against WAR Construction, Inc. (“WAR”), while reserving its claims against SEC. Nonetheless, the main opinion concludes that WAR has satisfied its obligation of delivering to SEC a release of all liens and claims against SEC by Premier because of its delivery to SEC of a an instrument subsequently executed by Premier, namely an “Acceptance of Final Payment, Release, and Confidentiality Agreement” executed by Premier in January 2012. SEC argues in its brief to this Court that this latter document “does not address claims against [SEC].” I agree.
Specifically, unlike the main opinion, I cannot conclude that the latter document effects a release of “ ‘all liens and claims’ ” that might be held by Premier “ ‘against, SEC, its surety, and the project.’” 159 So.3d at 1284 (quoting the circuit court’s January 9, 2013, order). In this document, Premier does acknowledge the receipt of $110,000 “as full and final payment of all amounts due for Premier’s work.” It appears, however, that this document, which was executed on behalf of WAR and Premier, was intended for the mutual benefit of those parties only. The express purpose of the document is to acknowledge the resolution of certain disputes between those two parties as indicated by the first two paragraphs of the document:
“Premier Service Company, Inc. (Premier) hereby acknowledges receipt of payment from WAR Construction, Inc. (WAR) in the amount of One Hundred Ten Thousand Dollars and No Cents ($110,000) (WAR’S Payment) which it accepts as full and final payment of all amounts due for Premier’s work, performed on The Chimes Condominium in Tuscaloosa, Alabama.
“WAR and Premier acknowledge that WAR’s payment is made to resolve disputes between WAR and Premier as to the amount due from WAR to Premier for extra work and the amount due from Premier to WAR for back charges, overcharges and allegedly defective work by Premier that were addressed during WAR Construction and Southeast Construction, LLC, American Arbitration Association Case No. 30 110 Y 113 09 (the Arbitration). WAR acknowledges that this Release resolves and discharges all claims by WAR that were or could have been asserted against Premier arising out of the Arbitration and the Arbitration Award dated February 16, 2011, as modified on March 16, 2011.”
Thus, this agreement expressly states that its purpose is “to resolve disputes between WAR and Premier” as to certain “extra work” and certain “back charges, overcharges, and allegedly defective work.” This document even goes on to provide that certain of its provisions will remain confidential as between WAR and Premi *1240 er, its signatories. I cannot conclude that Premier intended by the provisions of the document to release any liens or claims it might have against SEC, SEC’s surety, or the project. For that matter, I do not see any language in this document by which Premier releases any “lien” against any party or property. .
Based on the foregoing, I respectfully dissent to the extent that the main opinion concludes that WAR has provided SEC with a release executed by Premier, enforceable by SEC, of “ ‘all liens and claims against SEC, its surety, and the project,’ ” 159 So.3d at 1237, that might be held by Premier. In all other respects, I concur.
MOORE, C.J., concurs.